T.C. Memo. 2000-70


UNITED STATES TAX COURT


MITCHELL G. MANN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17895-97.                    Filed March 3, 2000.


Mitchell G. Mann, pro se.

<u>James J. Posedel</u>, for respondent.


MEMORANDUM OPINION


LARO, <u>Judge</u>:  This case is before the Court fully
stipulated.  See Rule 122, Tax Court Rules of Practice and
Procedure.  Respondent determined a $9,477 deficiency in
petitioner's 1990 Federal income tax, additions thereto of $1,119
and $620 under sections 6651(a)(1) and 6654, respectively, and a

$1,895 accuracy-related penalty under section 6662(a). Following respondent's concession that petitioner has no Federal income tax liability for 1990, we must decide whether petitioner may receive a refund for that year. We hold he may not. Unless otherwise indicated, section references are to the applicable versions of the Internal Revenue Code.

## Background

Petitioner never filed a 1990 Federal income tax return. Respondent issued to petitioner a notice of deficiency for that year on May 21, 1997,[1] and petitioner, while he resided in San Diego, California, timely petitioned the Court to redetermine respondent's determinations shown therein.

On or about April 15, 1991, petitioner filed a Form 4868, Extension Of Time to File U.S. Individual Tax Returns, with the Commissioner and enclosed a $5,000 payment. Petitioner later filed with the Commissioner a second request for an extension of time to file his 1990 tax return. The Commissioner granted both requests. On February 6, 1992, petitioner paid another $25 towards his tax liability for 1990.

## Discussion

Petitioner argues that he is entitled to a $5,000 refund for 1990 because he tendered that amount to the Commissioner as a deposit. Respondent argues that petitioner tendered the $5,000

---

[1] The parties stipulated incorrectly that the notice was issued on May 27, 1997.

to the Commissioner as a payment of tax for 1990, and, hence, that he may not receive a refund of any of that amount because it was paid more than 2 years before respondent issued the notice of deficiency.

We agree with respondent. Petitioner must demonstrate that his claim for refund is timely. See Flagg v. Commissioner, T.C. Memo. 1997-297. Although section 6512(b)(1) bestows jurisdiction on this Court to determine the existence and amount of any overpayment of tax to be refunded for a year before us, section 6512(b)(3)(B) prohibits us in this case from awarding a refund unless we determine that the refunded amount was paid "within the period which would be applicable under section 6511(b)(2) * * * or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment".[2] See also Commissioner v. Lundy, 516 U.S. 235, 241-242 (1996). The relevant provision of section 6511(b)(2) provides that when a claim for refund is outside the 3-year period of section 6511(a), the amount of the refund may not exceed the amount of tax paid within the 2 years preceding the claim for refund. See sec. 6511(b)(2)(B). Section 6511(a) states that a claim for refund generally must be made within 3

_____

[2] The Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1282(a), 111 Stat. 788, 1037-1038, amended sec. 6513(b)(3) for years ending after Aug. 5, 1997.

years from the time the return was filed or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

Petitioner tendered the $5,000 to the Commissioner with a Form 4868. The Court of Appeals for the Ninth Circuit, the court to which an appeal in this case lies, has held that a remittance to the Commissioner in such a situation is a payment of estimated tax and not a deposit. See Ott v. United States, 141 F.3d 1306 (9th Cir. 1998). We hold likewise. See Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971); see also Baral v. United States, ___ U.S. ___ (2000) (quarterly estimated tax payment was a payment of tax and not a deposit). Because petitioner's payment of the $5,000 is considered paid on April 15, 1991, see sec. 6513(b)(2), petitioner is not entitled to receive a refund of any of that amount, see Commissioner v. Lundy, supra.

> Decision will be entered stating that there is no deficiency, addition to tax, or accuracy-related penalty due from petitioner and there is no overpayment due to petitioner for 1990.